IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRINNEL MUTUAL REINSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD HOSTO, Individually and d/b/a )<br>HOSTO EXCAVATING, MELISSA HOSTO, )<br>and ADAM HOSTO, )<br>)<br>Defendants. ) | Case No. 3:13-cv-759-JPG-DGW |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Realign (Doc. 8) filed by Defendants, Melissa Hosto and Adam Hosto, on August 27, 2013. For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

On November 10, 2007, Plaintiff, Grinnell Mutual Reinsurance Company, in conjunction with Jim Lyons Insurance Agency, issued a Commercial General Liability Policy to Defendant Richard Hosto d/b/a Hosto Excavating. Almost four years after the issuance of the policy, Adam Hosto, Defendant's son, alleged that on July 24, 2008 he was injured at his father's work site. As a result of that incident, Adam Hosto, by and through his Mother and Next Friend, Melissa Hosto, filed suit against Defendant Richard Hosto in the Third Judicial Circuit, Madison County, Illinois claiming personal injuries and medical expenses exceeding $460,000.00. Defendant Richard Hosto requested coverage from Plaintiff pursuant to the policy. Plaintiff brought this action for

declaratory relief against Melissa Hosto, Adam Hosto, and Richard Hosto, individually and d/b/a Hosto Excavating, seeking declaration that it has no duty to defend or indemnify Defendant Richard Hosto under the liability insurance contract.

## Discussion

In the instant motion, Defendants Melissa and Adam Hosto ask this Court to realign them as plaintiffs, along with Grinnell, as no actual or substantial controversy exists between the two. They contend that the only relief Plaintiff seeks against them is that they be bound by the determination of this Court. The "normal alignment of the parties in suits seeking a declaratory judgment of non-coverage is Insurer vs. Insured and Injured Party." *Home Ins. Co. of Ill.v. Adco Oil Co.*,154 F. 3d 739, 741 (7th Cir. 1998). Re-alignment of the parties is allowed, however, where "no actual, substantial controversy exists between parties on one side of the dispute and their named opponents." *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981).

Defendants Melissa and Adam Hosto have not given this Court any substantial reason as to why normal alignment—Insurer vs. Insured and Injured Party—is improper in this case. While Defendants Melissa and Adam Hosto may have a mutual interest with Plaintiff regarding Plaintiff's duty to defend, this action also addresses the duty to indemnify and "a mere mutuality of interest" is not enough to justify realignment. *American Motorists*, 657 F. 2d at 151. This Court is not required to realign the parties whenever a party "shares an interest with an opposing party." *Id*. at 150. Additionally, if any substantial controversy exists between the parties, realignment is improper. *Id* at 151. Here, a substantial controversy exists as Defendants Melissa and Adam Hosto's interests are in direct conflict with Plaintiff's duty to indemnify. Plaintiff brought the instant action in order to disclaim *any* liability it might have either to Defendant

Richard Hosto as the insured or Defendant Adam Hosto as the injured.  *See Truck Ins. Exchange v. Ashland Oil, Inc.*, 951 F. 2d 787 (7th Cir. 1992).  As such, Plaintiff is the adversary of all the Defendants, and realignment is improper.  *See Id.*

## CONCLUSION

For the foregoing reasons, the Motion to Realign (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** November 4, 2013

**DONALD G. WILKERSON**
**United States Magistrate Judge**